(No. 79-CC-0263—)

JOSEPH V. MCKENNA, Claimant, *v.* THE STATE OF ILLINOIS, STATE BOARD OF EDUCATION, ILLINOIS OFFICE OF EDUCATION, Respondent.

*Opinion filed September 4, 1980.*

TRAYNOR & HENDRICKS, for Claimant.

WILLIAM J. SCOTT, Attorney General (WILLIAM E. WEBBER, Assistant Attorney General, of counsel), for Respondent.

HOLDERMAN, J.

Claimant filed a claim for services alleged to have been rendered in the amount of 96.57 hours of work performed as a labor arbitrator under a contract with Respondent, at the rate of $250.00 per eight-hour day.

In April of 1976, Claimant was contacted by the State Board of Education relative to the possibility of his serving as a hearing officer in certain matters. It is Claimant's contention that he was of the opinion that the period of time for which his services would be required would be of short duration; as a matter of fact, there were many days of hearings, and Claimant on June 17, 1977, submitted a voucher in the amount of $1,157.00 which was paid, and on June 30, 1977, Claimant submitted a second voucher for $3,297.30 which was paid.

The transcript of the hearing consisted of 2,700 pages encompassed in nine volumes. The deadline for Claimant's decision was April 30, 1978, but Claimant was unable to meet it because of a certain physical condition that had started troubling him. On May 17, 1978, Claimant

sought medical advice, and on May 23, 1978, he went into a hospital for an angiogram. On May 31, 1978, Claimant had a quadruple cardiac bypass operation.

On May 30, 1978, Claimant prepared a letter, sending copies to the attorneys involved and to the Illinois Office of Education. In this letter, he explained his problems, stating that he had prepared the award which was almost ready for a rewrite and made a decision. The letter further stated that after he was able to resume work, he would complete the award explaining his decision Claimant did not complete the final draft and he was asked to return the transcript and exhibits and they were filed in the Circuit Court of Will County.

On November 17, 1978, Claimant prepared a voucher for his services in the amount of $3,125.00 which was not paid.

The Circuit Court of Will County, in an opinion rendered by Judge Thomas W. Vinson on July 11, 1979, stated, in part, as follows:

"The order of this Court is that, since there were no findings of fact by the hearing officer, and since the time is long expired for this applying of such findings of fact, the order of Joseph V. McKenna, Hearing Officer of May 30, 1978, is reversed in whole, and held null and void, and this cause is remanded to the Illinois State Board of Education, so that a new and different hearing officer may be selected, and hearing de novo of the issues of this cause."

A motion to vacate this opinion was filed, and on December 12, 1979, Judge Vinson issued an order confirming the original opinion and denying the motion to vacate.

In passing upon Claimant's letter, the Court used the following language:

"If the Order were construed to allow a later supplying of the findings of fact, then it would not be a 'final' order, and would not properly be before this Court. The Order is construed by this Court as a final order."

Claimant takes the position that the work was done by Claimant and that a finding of facts and a final order was not necessary.

Respondent takes the position that Claimant did not fulfill his part of the contract and therefore the State is under no obligation to pay the claim heretofore filed by Claimant. Respondent sets forth among the rules and regulations to be followed by the arbitrator, Rule 7 entitled *The Decision*, which states as follows:

"7.01 The hearing officer.shall, with reasonable dispatch, make a decision in writing as to whether or not the teacher shall be dismissed. Such decision shall include findings of fact."

The rule further states:

"7.02 This decision should be rendered no later than 30 days from the date of closing the hearing."

It is Respondent's position that both of these provisions were violated and that the Circuit Court of Will County found it necessary to order an entirely new hearing. Respondent also takes the position that the actions of Claimant in failing to render a finding of fact amounted to a breach of his employment contract; therefore he cannot claim compensation for something he did not do, render a valid decision to which the department could process an appeal, if necessary, and upon which a reviewing court in a suit for administrative review could rule.

It is the opinion of this Court that one tribunal, the Circuit Court of Will County, has already passed upon this matter in finding Claimant did not fulfill his contract. Award is hereby denied and this cause is dismissed.